Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3908 | **DATE** | 6/18/2001 |
| **CASE TITLE** | Davis vs. Welborn | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying Mr. Davis' application for a certificate of appealability.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 19 2001 | |
| | Notified counsel by telephone. | date docketed | 23 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MPJ | courtroom deputy's initials | FILED FOR DOCKETING 01 JUN 18 PM 5: 54 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ADDOLFO DAVIS,  )
 )
       Petitioner,  )
 )
v.  )  No. 00 C 3908
 )
GEORGE C. WELBORN,  )
 )
       Respondent.  )

DOCKETED
JUN 1 9 2001

## MEMORANDUM OPINION AND ORDER

On February 1, 2001, I dismissed Mr. Davis' petition for a writ of habeas corpus because it was untimely, and I held that the tolling provision of 28 U.S.C. § 2244(d)(2) did not apply.[1] He seeks a certificate of appealability ("COA"), which I deny.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the petition was denied on procedural grounds without reaching the underlying constitutional claims, "a COA should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid

---

[1] Under § 2244(d)(1)(A), Mr. Davis had one year from the date when his conviction became final to file his habeas petition, but he allowed more than four years to pass. See Minute Order of 2/1/2001. If the tolling provision of § 2244(d)(2) were to apply, he could exclude the time from 10/11/96 to 2/2/00 when his postconviction petitions were pending, and his habeas petition would be filed within the year allowed.

claim of the denial of a constitutional right and that jurists would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In *Artuz v. Bennett*, 121 S.Ct. 361 (2000), the Supreme Court held that an application for state post-conviction relief was "properly filed" for the purposes of the tolling provision of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, *the time limits upon its delivery*, the court and office in which it must be lodged, and the requisite filing fee." *Id.* at 364 (emphasis added). The Court distinguished between statutes that set forth conditions of filing a *petition* from statutes that set forth conditions to obtaining relief on the *claims presented in the petition*. *Id.* A petition that is filed and does not comply with the former type of statute is not "properly filed" for § 2244(d)(2) purposes, but one filed that is not in compliance with the latter type of statute may nevertheless be "properly filed." *See id.* at 364-65. The Court noted in footnote 2 of the opinion that it "express[ed] no view on the question whether the existence of certain exceptions to a

timely filing requirement can prevent a late application from being considered improperly filed." *Id.* The significance of this question is not whether exceptions to the filing requirement were met; indeed, the inquiry presumes that they were not, or else the state court would not have dismissed the petition as untimely. In any event, I may not disturb a state court's determination that state postconviction petitions were untimely. *See Freeman v. Page*, 208 F.3d 572, 575 (7th Cir. 2000). Instead, the question left open by the Supreme Court is whether the existence of the exceptions transforms the requirement from one of the former type to one of the latter type -- from a limitation on filing a petition to a limitation on the ability to obtain relief on certain claims.

Since the Supreme Court's ruling in *Artuz*, however, the Seventh Circuit has said that § 2244(d)(2) does not exclude time for a petition that was untimely under 725 ILCS 5/122-1(c) ("No proceedings under this article shall be commenced more than [various time limits], unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence."). *See Outlaw v. Sternes*, 233 F.3d 453, 456 (7th Cir. 2000) (citing footnote 2 of *Artuz* and concluding that untimely petition is not "properly filed"); *Owens v. Boyd*, 235 F.3d 356, 357 (7th Cir. 2001)

(same). Thus it appears that, under Seventh Circuit law, which I am bound to follow, *see Donohoe v. Consolidated Operating & Prod. Corp.*, 30 F.3d 907, 910 (7th Cir. 1994), a petition that is untimely under the Illinois statute is not "properly filed." In *Outlaw* and *Owens*, however, there was no evidence in the record of the reason why the state petitions had been denied; the Seventh Circuit assumed that it was because the petitions were untimely. *Outlaw*, 233 F.3d at 455-56; *Owens*, 235 F.3d at 357. The Seventh Circuit has therefore not had occasion to consider the effect of the "culpable negligence" exception in § 122-1(c).

At least two other circuits have squarely considered the question left open by footnote 2 of *Artuz*. *See Dictado v. Ducharme*, 244 F.3d 724, 727-28 (9th Cir. 2001) (holding that "if a state's rule governing the timely commencement of state postconviction relief petitions contains exceptions that require a state court to examine the merits of a petition before it is dismissed, the petition, even if untimely, should be regarded as 'properly filed'" where Washington statute contained six such exceptions); *Emerson v. Johnson*, 243 F.3d 931, 934-35 (5th Cir. 2001) (holding that untimely petition was properly filed where Texas rule seemingly provided no exceptions, but where Texas courts nevertheless

4

entertained motions prohibited by the rule). The Illinois rule may be distinguished from the rules considered in *Dictado* and *Emerson*. It contains an exception: an untimely petition may be filed if the petitioner alleges facts that show an absence of culpable negligence. Unlike the statute in *Dictado*, however, an Illinois court need not look at the merit of the claims for relief to determine whether the lateness of the petition is due to the petitioner's culpable negligence; indeed, at least one Illinois Appellate Court has suggested that the allegations of fact showing an absence of culpable negligence need not themselves be in the petition. *See People v. Scullark*, No. 1-99-1722, 2001 WL 267296, at *2-3 (Ill. App. Ct. Mar. 13, 2001). Nor does my research indicate that Illinois courts routinely consider untimely applications on the merits of the claims presented in them, as did the courts considered in *Emerson*. Nevertheless, neither the Seventh Circuit nor any of the other courts in this district have had occasion to consider whether the "safety valve" of lack of culpable negligence, *see id.*, transforms the Illinois statute of limitations for post-conviction relief from a mere condition of filing to a substantive limitation on claims that "gives hope" to petitioners that untimely claims will be heard, *see Emerson*, 243

F.3d at 235. The dismissal of Mr. Davis' habeas petition as untimely may therefore present a "debatable" procedural question.

However, a debatable question of procedural law alone is not enough; I must also take a "quick look" to determine whether "[a]t least some of the[] claims facially allege the 'denial of a constitutional right.'" *Jefferson v. Welborn*, 222 F.3d 286, 289 (7th Cir. 2000). Constitutional issues on which the petitioner has procedurally defaulted are not valid claims, so they provide no basis for a certificate of appealability. *See Garrott v. United States*, 238 F.3d 903, 905-06 (7th Cir. 2001); *Anderson v. Cowan*, 227 F.3d 893, 901 (7th Cir. 2000). Mr. Davis raises four grounds in his petition for a writ of habeas corpus: (1) his transfer from juvenile court to criminal court violated due process; (2) the mandatory life sentence imposed on him under Illinois law violates the Illinois Constitution's Due Process Clause and the Eighth Amendment of the United States Constitution; (3) his Fifth, Sixth and Fourteenth Amendment rights were violated because his trial counsel was ineffective in failing to conduct an investigation or call witnesses whose testimony would have exonerated him; and (4) that his Fourth, Fifth and Fourteenth Amendment were violated by the admission of his confession.

All of Mr. Davis' claims are procedurally barred. The first and second claims are barred because Mr. Davis did not raise them in his petitions for leave to appeal to the Illinois Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999); *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999) (applying *O'Sullivan* rule retroactively). The third and fourth claims are procedurally defaulted because, although he raised them in his two petitions for leave to appeal to the state court, no state court reached the merits because his petitions were dismissed as untimely, an adequate and independent state ground. *See Barksdale v. Lane*, 957 F.2d 379, 384 (7th Cir. 1992). A petitioner may overcome procedural default by alleging "(1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice." *See Franklin v. Gilmore*, 188 F.3d 877, 883 (7th Cir. 1999). Mr. Davis does not specifically argue the reasons why he should obtain federal habeas review of his defaulted claims, nor do I find any basis in his petition for finding cause and prejudice or a fundamental miscarriage of justice. Because he does not overcome his procedural default, he cannot demonstrate valid constitutional claims that would entitle

him to review on the merits. *See Garrott*, 238 F.3d at 905-06; *Anderson*, 227 F.3d at 901. Mr. Davis' Application for a Certificate of Appealability is therefore DENIED.

ENTER ORDER:

_____

**Elaine E. Bucklo**

United States District Judge

Dated: June 18, 2001